**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HERBERT SILVERBERG,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID A. STEINBERG, Individually and as Trustee of the Entities (as defined below); PHILIP STRASSLER, as Trustee of the Entities; JOEL ZYCHICK, as Trustee of the Entities; ACI INVESTMENT PARTNERS, LLC; BAYSIDE HOLDING IX LLC; and ZETA GLOBAL HOLDINGS CORP.,<br><br>Defendants. | Civil Action No. 1:25-cv-09200<br><br>**COMPLAINT** |

Plaintiff Herbert Silverberg, by his undersigned attorneys, alleges as follows:

## NATURE OF THE CASE

1. This action arises out of Defendants' purchases and sales (or sales and purchases) of the securities of Zeta Global Holdings Corp. ("Zeta" or the "Company") within six months at a profit. In doing so, Defendants violated the prohibition against short-swing insider trading contained in Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78p(b), requiring them to disgorge their profits to Zeta.

2. The claim is strict liability in nature and requires no proof of the actual use of inside information with the improper use of such information conclusively presumed based upon the timing of the trades. Nonetheless, many of Defendants' sales of Zeta's Class A Common Stock occurred at a time when investors misunderstood the nature of the Company's business as it related to consumers purportedly voluntarily opting in to have their personal data collected.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa.

4. Venue is properly laid in this District. Zeta is headquartered in this District and its Class A Common Stock trades on the New York Stock Exchange ("NYSE"), which is located in this District.

5. In connection with the acts, conduct and other wrongs complained of herein, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, the United States mail, and the facilities of the NYSE, which is a national securities market.

## PARTIES

6. Plaintiff is, and has been at all relevant times, a shareholder of Zeta. Plaintiff made a demand (the "Demand") on the Company and its board of directors (the "Board"), as required by Section 16(b), more than sixty days ago. Zeta and the Board did not respond to the Demand and Plaintiff, therefore, brings this action in order to require Defendants to disgorge their short-swing insider trading profits as required by Section 16(b).

7. Defendant David A. Steinberg is the co-founder, Chairman of the Board and Chief Executive Officer ("CEO") of Zeta. In Form 4 filings he made with the Securities and Exchange Commission ("SEC"), Steinberg admits to being a director of Zeta, an officer of Zeta, and a more than 10% beneficial owner of Zeta's Class A Common Stock. Steinberg is named as a Defendant in his individual capacity, in his capacity as a Managing Member of ACI Investment Partners, LLC ("ACI" or the "LLC"), and a trustee of the following trusts which are collectively referred to herein as the "Steinberg Trusts" or the "Trusts":

a. Family Trust III U/A DTD 5/26/2022 ("Family Trust III");

b. Family Trust No. S4;

c. Family Trust IX DTD May 26, 2022 ("Family Trust IX");

d. Family Trust No. C5 DTD 5/27/22 ("Family Trust C5"); and,

e. Southbeach Trust R6.

8. Defendants Philip Strassler and Joel Zychick each served as co-trustee of one or more of the Steinberg Trusts and are being sued solely in that capacity.

9. Defendant ACI Investment Partners, LLC (previously defined as "ACI" or the "LLC") is a limited liability corporation with respect to which Steinberg serves as the Managing Member. ACI is, and at all relevant times was, directly or indirectly the beneficial owner of more than 10 percent of the Company's equity securities.

10. Defendant Bayside Holdings IX LLC ("Bayside Holdings") is an entity affiliated with Steinberg. Defendant Bayside Holdings together with the Trusts and ACI, are collectively referred to herein as the "Steinberg Entities" or the "Entities."

11. Defendant Zeta describes itself in SEC filings as a leading omnichannel data-driven cloud platform that provides enterprises with consumer intelligence and marketing automation software. Zeta's Class A Common Stock is registered pursuant to Section 12(g) of the Exchange Act, 15 U.S.C. §78*l*(g). Defendant Zeta is named as a necessary party in this action as the recipient of the net proceeds of this lawsuit.

**CLAIM FOR RELIEF**

12. Steinberg, at the times relevant to this action, in Form 4 filings with the SEC jointly with ACI, identified himself as a director, officer and 10% beneficial owner of Zeta's Class A Common Stock. SEC filings also identified ACI as a more than 10% beneficial owner of Zeta's Class A Common Stock.

13. Steinberg is a beneficial owner, within the meaning of Section 16(a) of the Exchange Act, 15 U.S.C. §78p(a), of the Zeta securities owned by:

a. ACI based upon Steinberg at all relevant times having been Managing Member of ACI, providing Steinberg with voting and investment power with respect to the Zeta securities owned by ACI, which Steinberg acknowledged by including ACI's ownership of and transactions in Zeta securities in the Form 4 filings Steinberg made with the SEC;

b. Bayside Holdings based upon, among other things, Bayside Holdings having sold Zeta's Class A Common Stock through Rule 10b5-1 plans adopted by or on behalf of Steinberg; and

c. the Trusts based upon each of the Trusts having sold Zeta's Class A Common Stock pursuant to Rule 10b5-1 plans adopted by or on behalf of Steinberg.

14. The Trusts, at the times relevant to this action, were each beneficial owners of 10% or more of Zeta's Class A Common Stock based upon being members of a group with Steinberg within the meaning of Section 13(d)(3) of the Exchange Act providing that "[w]hen two or more persons act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, or disposing of securities of an issuer, such syndicate or group shall be deemed a 'person' for the purposes of this subsection." 15 U.S.C. §78m(d)(3). That group status is evidenced by the Trusts previously identified selling Zeta's Class A Common Stock pursuant to Rule 10b5-1 plans adopted by or on behalf of Steinberg, coordinated transactions in Zeta's Class A Common Stock and the Trusts having either Steinberg or persons closely associated with Steinberg as a Trustee.

15. Steinberg and the Steinberg Entities are required to disgorge any short-swing trading profits from their individual purchases and sales (or sales and purchases) of Zeta's Class A Common Stock within six months.

16. Steinberg is also required to disgorge any short swing insider trading profits computed based upon matching purchases and sales by the different Steinberg Entities to the extent Steinberg has a "pecuniary interest" in those transactions based upon any "opportunity, directly or indirectly, to profit or share in any profit derived from a transaction in the subject securities." SEC Rule 16a-1(a)(2)(i), 17 C.F.R. §240.16a-1(a)(2)(i). The requirement to disgorge short-swing profits extends to any "indirect pecuniary interest" in the Class A Common Stock held by any of the Steinberg Entities and securities held by any immediate family members and any interest which Steinberg had in any securities held by the Trusts. *See* Rules 16a-1(a)(2)(ii)(A), 16a-1(a)(2)(ii)(E), 16a-1(e), 17 C.F.R. §§240.16a-1(a)(2)(ii)(A), 240.16a-1(a)(2)(ii)(E), 240.16a-1(e); *see also Feder v. Frost*, 220 F.3d 29, 32-33 (2d Cir. 2000) (discussing Rule 16a-1); *Whiting v. Dow Chem. Co.*, 523 F.2d 680, 688 (2d Cir. 1975) (beneficial ownership for purposes of Section 16(b) is "read more expansively than it would be in the law of trusts").

17. Steinberg and the Steinberg Entities sold or had pecuniary interest(s) in the sales of Zeta Class A Stock within six months of their purchases or pecuniary interest in the purchases of Zeta Class A Stock.

18. The fluctuations in price of the Class A Common Stock were influenced in large part by Steinberg and Zeta making materially false or misleading statements regarding Zeta having assembled its database of information from consumers having purportedly opted-in to the Company's data collection operations. For example, on March 10, 2025, Zeta admitted in a press release that "as part of [its] ongoing efforts to provide shareholders with clear and accurate disclosures, [it] refined [its disclosure] terminology to better reflect the evolving nature of data permissions" disclosing that "[t]his update ensures our terminology aligns with the nature of permissions across our data assets to prevent misinterpretations."

19. Steinberg acquired 53,676 shares of Zeta's Class A Common Stock for a weighted average price of $19.24 per share on November 18, 2024.

20. ACI made the following acquisitions of Zeta's Class A Common Stock:

a. On April 5, 2024, ACI acquired 10,400 shares of Zeta's Class A Common Stock through a transfer from Steinberg for which ACI made no payment, making its purchase price zero;

b. On July 3, 2024, ACI acquired 740,700 shares of Zeta's Class A Common Stock through a transfer from Steinberg for which ACI made no payment, making its purchase price zero; and

c. On October 11, 2024, ACI acquired 1,531,076 shares of Zeta's Class A Common Stock through a transfer from Steinberg for which ACI made no payment, making its purchase price zero.

21. ACI made the following sales of Zeta's Class A Common Stock within six months of the purchases alleged in the paragraph above:

a. On May 23, 2024, ACI sold 3,000 shares to pay a tax liability; that day the closing price of Zeta's Class A Common Stock was $17.15 per share; and

b. On July 3, 2024, ACI sold 97,157 shares to pay a tax liability; that day the closing price of Zeta's Class A Common Stock was $17.40 per share.

22. Family Trust III made the following acquisitions of Zeta's Class A Common Stock:

a. On September 1, 2023, Family Trust III acquired 2,028,697 shares of Zeta's Class A Common Stock from Steinberg (or ACI) through a transfer from Steinberg (or ACI) for which Family Trust III made no payment, making its purchase price zero;

b. On April 3, 2024, Family Trust III acquired 709,255 shares of Zeta's Class A Common Stock from Steinberg (or ACI) through a transfer from Steinberg (or ACI) for which Family Trust III made no payment, making its purchase price zero;

c. On May 22, 2024, Family Trust III acquired 1,992,760 shares of Zeta's Class A Common Stock from Steinberg (or ACI) through a transfer from Steinberg (or ACI) for which Family Trust III made no payment, making its purchase price zero; and

d. On December 12, 2024, Family Trust III acquired 510,358 shares of Zeta's Class A Common Stock from Steinberg (or ACI) through a transfer from Steinberg (or ACI) for which Family Trust III made no payment, making its purchase price zero.

23. Family Trust III made sales of Zeta's Class A Common Stock within six months of the purchases alleged in the paragraph above, at prices higher than its acquisition price, as detailed in TABLE II ADDENDUM - SECURITIES SOLD DURING THE PAST 3 MONTHS of its Form 144 Notices of Proposed Sale of Securities Pursuant to Rule 144 Under the Securities Act of 1933, as filed with the SEC. A compilation of Family Trust III's Form 144 filings with addenda is attached hereto as Exhibit 1.

24. Family Trust C5 made the following acquisitions of Zeta's Class A Common Stock:

a. On August 31, 2023, Family Trust C5 acquired 858,754 shares from the Settlor of the Trust who is not identified in the Rule 144 filing made with respect to Family Trust C5;

b. On April 3, 2024, Family Trust C5 acquired 299,917 shares from the Settlor of the Trust;

c. On December 11, 2024, Family Trust C5 acquired 290,290 shares from the Settlor of the Trust; and

d. On April 17, 2025, Family Trust C5 acquired 130,508 shares from the Settlor of the Trust.

25. Family Trust C5 made sales of Zeta's Class A Common Stock within six months of the purchases alleged in the paragraph above, at prices higher than its acquisition price, as detailed in TABLE II ADDENDUM - SECURITIES SOLD DURING THE PAST 3 MONTHS of its Form 144 Notices of Proposed Sale of Securities Pursuant to Rule 144 Under the Securities Act of 1933, as filed with the SEC. A compilation of Family Trust C5's Form 144 filings with addenda is attached hereto as Exhibit 2.

26. On June 14, 2024, Bayside IX acquired 705,000 shares of Zeta's Class A Common Stock as a gift for which Bayside IX made no payment, making its purchase price zero.

27. Bayside IX made sales of Zeta's Class A Common Stock within six months of the purchases alleged in the paragraph above, at prices higher than its acquisition price, as detailed in TABLE II ADDENDUM - SECURITIES SOLD DURING THE PAST 3 MONTHS of its Form 144 Notices of Proposed Sale of Securities Pursuant to Rule 144 Under the Securities Act of 1933, as filed with the SEC. A compilation of Bayside IX's Form 144 filings with addenda is attached hereto as Exhibit 3.

28. Family Trust IX filed Forms 144 reporting the following matchable transactions in Zeta's Class A Common Stock:

a. On April 23, 2024, Family Trust IX sold 38,000 shares at $11.908 each; and

b. On May 22, 2024, Family Trust IX acquired 588,472 shares from the Settlor of the Trust.

29. Matching the sales price with the purchase price results in short-swing profits which Steinberg and the Steinberg Entities are each individually required to disgorge to Zeta. In addition,

Steinberg is required to disgorge short-swing profits based upon his direct or indirect pecuniary interest in the Steinberg Entities.

**Basis for Information and Belief**

30. The allegations in this Complaint aside from those which relate personally to Plaintiff are made on information and belief based upon an investigation conducted by Plaintiff's counsel and including a review of: (a) filings made with the SEC by Zeta and Defendants; (b) press releases and public statements issued by Zeta and Defendants; (c) media reports and securities analysts' reports about the Company; (d) other court filings relating to Zeta; and (e) information obtainable on the Internet. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

31. Plaintiff's investigation and ability to allege facts with greater specificity is hampered by the lack of publicly available information concerning the precise identity of ACI Investment Partners' owners and the terms of each of the Trusts, including their beneficiaries, being undisclosed. In addition, at least the following Forms 144s filed by the Trusts reference, but fail to attach, an addendum identifying their trades in Zeta Sock in Family Trust III's Form 144 filed July 17, 2023.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for the benefit of the Company in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest, and such other and further relief as this Court may deem just and proper.

Dated: November 4, 2025

By: /s/ Jeffrey S. Abraham

Jeffrey S. Abraham
Michael J. Klein
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
450 7th Avenue, 38th Floor
New York, New York 10123
Telephone: (212) 279-5050
Email: jabraham@aftlaw.com
mklein@aftlaw.com